# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT JAMES REPELLA,** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:18-0112** |
| | : | |
| v. | | |
| | : | **(MANNION, D.J.)** |
| **NANCY A. BERRYHILL,** | | **(CARLSON, M.J.)** |
| **Acting Commissioner** | : | |
| **of Social Security** | | |
| | : | |
| **Defendant** | | |

## M E M O R A N D U M

Pending before the court are the motion to dismiss the Social Security appeal of the pro se plaintiff, Scott James Repella, filed by the defendant Commissioner of Social Security, (Doc. 11), and the report and recommendation of Judge Carlson, (Doc. 16), recommending that the Commissioner's motion be granted. The plaintiff has filed objections to Judge Carlson's report.[1] (Doc. 17). The Commissioner responded to the plaintiff's objections. (Doc. 18). For the following reasons, the report and recommendation will be **ADOPTED** and the Commissioner's motion to dismiss the plaintiff's appeal will be **GRANTED**.

---

[1]The court notes that since Judge Carlson stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

Judge Carlson found that since the plaintiff is seeking to appeal an order by an Administrative Law Judge ("ALJ") which dismissed his request for a hearing because it was found to have been related to a duplicate claim for benefits by the plaintiff, the plaintiff's appeal should be dismissed for lack of jurisdiction. In dismissing the plaintiff's request for a hearing, the ALJ stated that 'the claimant's prior claim for Supplemental Security Income Benefits was improperly terminated due to his failure to cooperate", and that "the claimant's prior claim for [SSI] Benefits will be reinstated once this record is closed." As such, Judge Carlson reasoned that the ALJ's order did not constitute a "final order" within the meaning of the Social Security Act which could be appealed to the district court.

The court has reviewed Judge Carlson's report as well as the plaintiff's objections and the Commissioner's response and concurs with Judge Carlson that an order of the ALJ dismissing a request for a hearing is not a "final order" which may be appealed to the district court.

In Timmons v. Commissioner of Social Security, 719 Fed.Appx. 162, 164 (3d Cir. 2017), the Third Circuit explained:

> The District Court's jurisdiction over claims arising under the Social Security Act is provided by 42 U.S.C. §405(g), which states, in relevant part, that an "individual, after any final decision of the Commissioner of Social Security made after a hearing ... may obtain a review of such decision by a civil action." The Supreme Court has stated that §405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision' of

3

the [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

In Timmons, *id*., the Third Circuit held that "because no [ALJ] hearing was ever held, the District Court was correct that no 'final decision' had been made, and it thus lacked jurisdiction under §405(g) to review the disability determination."

In his objections, the plaintiff basically re-asserts his arguments he raised in opposition to the Commissioner's motion to dismiss which were considered by Judge Carlson. Since the court agrees with Judge Carlson's reasoning, it will not re-hash the arguments raised in the plaintiff's objections.[2]

### III. CONCLUSION

In light of the foregoing, Judge Carlson's report and recommendation, (Doc. 16), is **ADOPTED**, and plaintiff's objections, (Doc. 17), are **OVERRULED**. Further, the Commissioner's motion to dismiss the plaintiff's appeal, (Doc. 11), is **GRANTED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 16, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0112-01.wpd

---

[2]The court recognizes that while the presence of a constitutional question in the plaintiff's complaint is an exception to §405(g)'s jurisdictional limitation, *see* Vertullo v. Colvin, 89 F.Supp.3d 756, 765-66 (W.D.Pa. 2015), it finds that the plaintiff has not raised a "colorable" constitutional claim in this case especially since his request for SSI benefits was reinstated.